UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:13cv2183 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| OWCP WORKERS COMP., et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Charles D. Copeland ("plaintiff" or "Copeland") filed the above-captioned *in forma pauperis* complaint against the "OWCP Workers Comp and Board of Appeals."[1] Plaintiff does not assert a basis for this Court's jurisdiction, but captions this action as an "Appeal of an Adverse Decision: Docket No. 13-1479." (Doc. No. 1 at 2.) He complains he never received the "benefits or medical treatment required based upon the prior decision . . . ." He seeks 2 million dollars in damages.

I. BACKGROUND

Plaintiff states he was employed by the United States Post Office from 1976 until 2010. He claims he was "forced out due to several on the job injuries . . . ." (Doc. No. 1 at 2.) At some point after his employment with the post office ended he

---

[1] The Court presumes this is a reference to the Department of Labor Employees' Compensation Appeals Board.

applied for benefits with the Office of Workers' Compensation Programs (OWCP). The OWCP issued a decision that was appealed to the Department of Labor Employees' Compensation Appeals Board (the Board). The Board exercised its jurisdiction to review a final adverse OWCP decision issued under the Federal Employees' Compensation Act (FECA) and rendered a judgment on April 24, 2013. *See* 5 U.S.C. § 8149. The Board presumably decided in favor of plaintiff at that time.

Without providing any relevant dates, plaintiff claims he suffered another injury at work. As a result, the OWCP allegedly declared he was "handicapped . . . and awarded damadges [sic] except for the monthly payments that plaintiff was to recieve [sic] due to the prior decision of, [sic] the board . . . ." (Doc. No. 1 at 2.) He complains he never received the benefits or medical treatment he was promised as a result of the Board's decision. As such, he asserts the OWCP and the Post Office are in "contempt of court." *Id.*

On June 10, 2013, plaintiff filed a second appeal with the Board "from a purported decision of the [OWCP]." (Doc. No. 1-1 at 8.) The Board dismissed the appeal based on a lack of jurisdiction. Plaintiff was advised that the Board's jurisdiction was limited to a final adverse OWCP decision and, because no decision was issued by OWCP after the Board issued its April 24, 2013 decision, there was no decision over which it could exercise jurisdiction.

Plaintiff now argues the Board has committed fraud because he thinks his appeal was denied based on OWCP's failure to "submit[] the required documents for them to make a decision[.]" (Doc. No. 1 at 2.) He then criticizes the Board for issuing a

2

decision that "submitted their own version of their prior decision which had nothing to do with this appeal, as such commited [sic] fraud by way of a sham pleading[.]" *Id.*

## II. DISCUSSION

### A.    Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

### B. Failure to State a Claim

Plaintiff has captioned his complaint as an Appeal of an Adverse Decision, notably the Board's decision in Appeal No. 131479. The gravamen of his claim suggests he suffered additional physical and mental injuries after the Board issued a decision in his favor. Moreover, he seems to suggest that neither the post office nor the OWCP is providing the compensation to which he claims he is entitled. The Court can only surmise that plaintiff's June 2013 appeal to the Board was his attempt to solicit the compensation he was allegedly denied. Now, he seeks to set aside the Board's decision to dismiss the appeal. The request is, however, beyond the scope of this Court's jurisdiction.

A federal employee who is injured "while in the performance of duty" is entitled to "the services, . . . prescribed or recommended by a qualified physician, which the Secretary of Labor considers likely to cure, give relief, reduce the degree or the

3

period of disability, or aid in lessening the amount of the monthly compensation." 5 U.S.C. § 8103(a). Once the Secretary authorizes or approves these expenses they "shall be paid from the Employees' Compensation Fund." *Id*. It is the Secretary who "may review an award for or against payment of compensation[.]" 5 U.S.C. § 8128(a).

Plaintiff's complaint raises a challenge to his compensation award. Such a claim cannot be entertained by this Court, however, because the statute clearly states:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> > **(1)** final and conclusive for all purposes and with respect to all questions of law and fact; and
> >
> > **(2)** not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). Accordingly, to the extent plaintiff seeks this Court's review of the dismissal of his appeal to the Board, it is without jurisdiction to grant him relief.

The balance of plaintiff's complaint is very difficult to discern. It appears he is seeking the enforcement of a judgment in his favor that he believes was expanded after he alleges he suffered an additional on-the-job injury. Although the Board dismissed his appeal because there was no adverse decision to review, plaintiff accuses the Board of fraud. This fraud allegedly resulted in the denial of "medical and financial benefits he was and is entitled to recieve [sic]." (Doc. No. 1 at 2.)

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, __127 S.Ct. 1955, 1964-65 (2007)). Although a complaint need not contain "'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Id.* (internal citation and quotation marks omitted). If, however, an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). Even construing this action in the plaintiff;s favor, he has failed to state a claim for relief.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "requir[e] [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Here, plaintiff has recited a series of statutes and case law without any causal connection to facts that would allege a federal claim over which this Court has jurisdiction.[2]

---

[2]  Shortly before filing this action, plaintiff also filed an action in the Stark County Court of Common Pleas, which is pending. *See Copeland v. U.S. Postal Service*, No. 2013CV02431 (Stark County Ct. Com. Pl. filed Sept. 16, 2013) (Werren, J.)

**III.CONCLUSION**

For the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: October 21, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3]   28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

6